(No. 82-CV-037█

*In re* APPLICATION OF MARGARET GIDDINGS and FLOYD GIDDINGS.

*Opinion filed January 24, 1983.*
*Amended opinion filed January 11, 1984.*
*Amended opinion filed September 19, 1984.*

MARGARET GIDDINGS and FLOYD GIDDINGS, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on March 18, 1981. Margaret Giddings and Floyd Giddings, Claimants, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat., 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on November 4, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Floyd Giddings, age 37, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat., 1979, ch. 38, par. 12—4.

2. That on March 18, 1981, Claimant Floyd Giddings and two other people were struck in the head with an axe during the course of an armed robbery by an unknown offender. The incident occurred in a hardware store located at 1500 South Grand Avenue East,

Springfield, Illinois. The Claimant was initially taken to St. John's Hospital for treatment of his injuries.

3. That the Claimants seek compensation for medical/hospital expenses and the Claimant, Floyd Giddings, seeks compensation for loss of earnings.

4. That the Claimant, Floyd Giddings, was self-employed as operator of Giddings & Son Sewing Machine Repair. Upon request, the Claimants submitted a copy of the Federal income tax return for 1980 to substantiate his earnings. This return shows that the Claimant's business suffered a net loss of $657.00 for the year. Adding on non-cash deductions of $108.00 listed on the return results in a net loss of $549.00 for the year.

5. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

6. That as the business of the Claimant, Floyd Giddings, suffered a net operating loss prior to the incident, the Claimant has not shown that he had earnings upon which to base loss of earnings pursuant to section 2(h) of the Act. The Claimant is receiving Social Security disability benefits as a result of the injuries suffered in this incident.

7. That the Claimant, Floyd Giddings, has not met a required condition precedent for loss of earnings under the Act.

8. That the Claimants have submitted medical/hospital expenses in the amount of $41,223.40, $27,447.87 of which was paid by insurance and $6,591.62 of which is currently pending consideration by Medicare, and

$200.00 of which was written off as an adjustment by one of the medical providers, leaving a balance of $6,983.91 for which the Claimant has thus far been responsible.

9. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

10. That the Claimants have received no reimbursements that can be counted as applicable deductions.

11. That the Claimants may incur additional medical/hospital expenses in the future as a result of the incident and may petition the Court for additional compensation for those expenses pursuant to section 16 of the Act.

12. That the Claimants are entitled to an award based on the following:

| Net Medical Expenses | $6,983.91 |
| Less $200.00 Deductible | − 200.00 |
| Total | $6,783.91 |

It is hereby ordered that the sum of $6,783.91 (six thousand seven hundred eighty-three dollars and ninety-one cents) be and is hereby awarded to Margaret

Giddings and to Floyd Giddings, an innocent victim of a violent crime.

## AMENDED OPINION

HOLDERMAN, J.

This claim arises out of an incident that occurred on March 18, 1981. The Claimants, Margaret Giddings and Floyd Giddings sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. (Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*) The Claimants were awarded compensation by order of the court issued on January 24, 1983. At the time of that award, the Court found that the Claimants may require additional compensation under the provisions of section 16 of the Act. This claim is now before the Court pursuant to a request by the Claimants for additional compensation.

The Court has carefully reviewed its prior order in this cause and the Claimants' request for additional compensation. Furthermore, an investigation regarding the Claimants' request for additional compensation was conducted by the Attorney General's Office. Based upon the evidence of that investigation now before the Court, the Court finds:

1. That the Claimant, Floyd Giddings, age 37, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4).

2. That on November 4, 1981, the Claimants filed an application for medical/hospital expenses in the Illinois Court of Claims pursuant to the provision of the Act.

3. That on January 24, 1983, the Court of Claims entered an order awarding the Claimants $6,783.91 for medical/hospital expenses, with a provision that the Claimants could petition the Court for additional compensation pursuant to section 16 of the Act in the event that additional medical/hospital expenses were incurred.

4. That on September 8, 1983, the Claimants requested the Court to reopen their claim for additional compensation for medical/hospital expenses.

5. That the Claimants incurred an additional net amount of $7,404.96 in medical/hospital expenses for which they seek compensation at this time.

6. That the Claimants have received no additional reimbursements that can be counted as applicable deductions.

7. That the Claimants may incur additional medical/hospital expenses in the future as a result of the incident and may petition the Court for additional compensation for those expenses pursuant to section 16 of the Act, up to the maximum compensable award of $15,000.00. As of this time, a total amount of $14,188.87 has been considered for compensation.

8. That the Claimants are entitled to a supplemental award based on the following:

Additional Medical/Hospital Expenses     $7,404.96

It is hereby ordered that the sum of $7,404.96 (seven thousand four hundred four dollars and ninety-six cents) be and is hereby awarded to Margaret Giddings and to Floyd Giddings, an innocent victim of a violent crime.

435

## AMENDED OPINION

Poch, J.

This claim arises out of an incident that occurred on March 18, 1981. The Claimants, Margaret Giddings and Floyd Giddings, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

The Claimants were awarded compensation by orders of the Court issued on January 24, 1983, and on January 11, 1984. At the time of these awards, the Court found that the Claimants may require additional compensation under the provisions of section 16 of the Act. This claim is now before the Court pursuant to a request by the Claimant for additional compensation.

The Court has carefully reviewed its prior orders in this cause and the Claimants' request for additional compensation. Furthermore, an investigation regarding the Claimants' request for additional compensation was conducted by the Attorney General's Office. Based upon the evidence of that investigation now before the Court, the Court finds:

1. That on March 18, 1981, the Claimant, Floyd Giddings was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat. 1979, ch. 38, par. 12—4.

2. That on November 4, 1981, the Claimants filed an application for medical/hospital expenses in the Illinois Court of Claims pursuant to the provisions of the Illinois Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

3. That on January 24, 1983, the Court of Claims entered an order awarding the Claimants $6,783.91 for medical/hospital expenses which the Claimants had incurred up to that point with a provision that the Claimants could petition the Court for additional compensation pursuant to section 16 of the Act when additional medical/hospital expenses were incurred.

4. That on September 3, 1983, the Claimants petitioned the Court to reopen their claim for additional compensation for medical/hospital expenses.

5. That on January 11, 1984, the Court of Claims entered a supplemental order awarding the Claimants $7,404.96 for medical/hospital expenses which the Claimants had additionally incurred with a provision that the Claimants could petition the Court for additional compensation pursuant to section 16 of the Act when additional medical/hospital expenses were incurred.

6. That on February 2, 1984, the Claimants again petitioned the Court to reopen their claim for additional compensation for medical/hospital expenses.

7. That the Claimants incurred additional medical/hospital expenses in the amount of $811.13, none of which was covered by insurance, leaving a balance of $811.13 for which they now seek compensation.

8. That the Claimants have received no additional reimbursements that can be counted as applicable deductions.

9. That the Claimants are entitled to a supplemental award based on the following expenses:

Additional Medical/Hospital Expenses    $811.13

10. That with an additional award of $811.13, the

pecuniary loss resulting from Floyd Giddings' injuries is $15,000.00 which is the maximum allowed under section 10.1(f) of the Act.

11. That the Claimants have complied with all of the provisions of the Crime Victims Compensation Act and are entitled to compensation thereunder.

It is therefore, hereby ordered that the sum of $811.13 (eight hundred eleven dollars and thirteen cents) be and is hereby awarded to Margaret Giddings and to Floyd Giddings, an innocent victim of a violent crime.